ORIGINAL

PETER D. KEISLER
Assistant Attorney General
EDWARD H. KUBO, JR.
United States Attorney
RACHEL S. MORIYAMA
Assistant United States Attorney
Rm. 6-100, PJKK Fed. Bldg.
300 Ala Moana Blvd.
Honolulu, HI 96850
Telephone: (808) 541-2850
R. MICHAEL UNDERHILL
Attorney in Charge
West Coast Office, Torts Branch
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
Telephone: (415) 436-6644
Facsimile: (415) 436-6632
E-mail: jeanne.franken@usdoj.gov

Attorneys for Defendant
United States of America

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 3 2006

at 9 o'clock and 46 min. AM
SUE BEITIA, CLERK

LODGED

JAN 1 2 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| FRANKIE MAITLAND,<br><br>Plaintifft,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Civil No. CV04-00615 SOM-KSC<br><br>IN ADMIRALTY<br><br>STIPULATED<br>PROTECTIVE ORDER |

Defendant, United States of America, and plaintiff, Frankie Maitland, through the undersigned consents of their counsel of record, do hereby agree and request that an appropriate Protective Order be entered, as provided herein, to prevent the unauthorized disclosure and/or dissemination of certain controlled and/or sensitive documents, and the information contained therein, which have been requested by plaintiff's counsel during the course of discovery in the above-captioned action, but which require protection from

STIPULATED PROTECTIVE ORDER              1              Civil No. CV 04-00615 JMS-KSC

unauthorized release and/or dissemination and/or export to unauthorized persons pursuant to Department of the Navy distribution limitations, and/or to foreign governments, nationals or interests, pursuant to The Arms Export Control Act, 22 U.S.C. § 2751, et. seq., and/or The Export Administration Act of 1979, as amended, 50 U.S.C. App. 2401, et. seq., all pursuant to the general supervisory authority of the Court, as follows:

1. The parties hereto do hereby stipulate and consent, through their undersigned counsel of record, and with the Court's permission, to entry of this Stipulated Protective Order, as provided herein;

2. This Stipulated Protective Order shall henceforth govern the disclosure and use of certain documents and/or information which may be produced by defendant United States of America in response to plaintiff's discovery requests in this matter, and which the Government deems to be unclassified controlled documents and/or information which requires protection from unauthorized release and/or dissemination and/or export to unauthorized persons pursuant to Department of the Navy distribution limitations, and/or to foreign governments, nationals or interests, pursuant to The Arms Export Control Act, 22 U.S.C. § 2751, et. seq., and/or The Export Administration Act of 1979, as amended, 50 U.S.C. App. 2401, et. seq. [1]/;

3. Documents identified by counsel for the Government as having distribution limitations or being subject to special expert controls on transmittal to foreign governments, nationals or interests, pursuant to Federal statutes and regulations, shall be marked on their cover as "Not For Release" or "NFR";

4. The plaintiff and his counsel of record do hereby agree not to disseminate documents marked "Not For Release" or "NFR", and/or the information contained therein, except to the following:

---

[1]/ If classified documents and/or information is requested or introduced, this Protective Order must be amended, or a separate Protective Order must be entered, to provide appropriate protection for such documents and/or information.

      a. Court personnel and Court reporters;

      b. The staff of plaintiff's counsel of record;

      c. Consultants and experts, whether directly employed or retained by plaintiff's counsel of record or his firm, and their staffs, to the extent such disclosure is made in good faith and is deemed by counsel of record to be necessary for the preparation of this case for trial or appeal; and

      d. Witnesses and their own counsel, if any.

    5. As appropriate, plaintiff and his counsel of record further hereby agree not to disclose or disseminate documents marked "Not For Release" or "NFR", and/or the information contained therein, except to United States citizens and United States nationals, excluding any United States citizen or national who (a) represents a foreign government, national or interest, or (b) is an immigrant alien, all as defined in NAVSEAINST c5511.32.

    6. All persons to whom such disclosure is made by plaintiff or his counsel of record, other than Court personnel, shall agree in writing to be bound by the terms of this Protective Order, shall acknowledge said agreement by executing it in the form attached hereto, and specifically agree that the aforesaid documents, and/or the information contained therein, shall only be used for purposes of this litigation, and that any other use constitutes a violation of this Protective Order. A copy of said agreement will immediately be provided to Government counsel, and the original shall be retained by plaintiff's counsel of record.

    7. Counsel for any of the parties may use the aforesaid documents, and/or the information contained therein, to question witnesses or as exhibits, including at depositions, interviews, trial and appeal. Any witness at a deposition shall be informed of the contents of this Stipulated Protective Order prior to the submission to the witness of said documents, or the use of any information contained therein or based thereon, and shall sign the agreement. In the event a witness refuses to sign the agreement, or is not

eligible to do so, the parties will immediately seek the assistance of the Court.

8. Counsel for any of the parties may use the documents, and/or the informatioin contained therein, in submissions to the Court or on appeal, provided that such submissions are made under seal.

9. Counsel for any of the parties may use the documents, and/or the information contained therein, at any proceeding before the Court, including trial, or on appeal, provided that the party requests that the portion of the transcript pertaining thereto, or any exhibits containing such documents, be placed under seal.

10. Sixty days after the final conclusion of this case, whether by settlement, judgment, dismissal or passage of time to appeal if an appeal has not been taken, all documents marked "Not For Release" or "NFR" and all copies thereof, shall be returned to Government counsel.

11. If an appeal is taken and a decision is entered, then after the passage of time for any further appeal, if the matter is not reversed and/or remanded, the Government may make application to the District Court with respect to disposition of any sealed exhibits and/or parts of records and/or transcripts that contain or refer to said documents.

12. Any allegations of abuse or violation of this Stipulated Protective Order will be considered by the Court for purposes of determining whether it should enter sanctions, under all applicable rules.

13. Nothing in this Stipulated Protective Order shall be construed so as to prevent the release of any documents, and/or information, which may relate to the violation of any federal, state or local statute, ordinance or regulation to an appropriate law enforcement or regulatory agency.

14. Nothing in this Stipulated Protective Order will operate to alter the obligations of the United States pursuant to its national security obligations, or any federal statute, regulation or law.

///

15. Nothing in this Stipulated Protective Order will operate to create any rights in any party, entity or person, except as specified herein.

IT IS SO AGREED AND REQUESTED:

Dated: 1/10/06

PETER D. KEISLER
Assistant Attorney General
EDWARD H. KUBO, JR.
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge
West Coast Office
Torts Branch, Civil Division

_____
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

Attorneys for Defendant
United States of America

Dated: 1-4-06

Law Offices of Preston Easley

_____
PRESTON EASLEY

Attorney for Plaintiff
Frankie Maitland

## ORDER

Good cause having been shown for entry of the above submitted stipulated proposed order, and in order to further and protect national security,

IT IS SO ORDERED this 12th day of Jan, 2006, in Honolulu, Hawaii.

_____
UNITED STATES DISTRICT JUDGE

## AGREEMENT

I have received, read, and understand the Protective Order entered by the District Court for the District of Hawaii in Maitland v. United States, Civil No. 04-00615JMS-KSC; am qualified to receive the documents and/or information covered thereby; agree to be bound by and comply with the provisions thereof, and consent to the jurisdiction of said District Court for purposes of enforcement of this Protective Order.

Signature:

Printed Name:

Date: